```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


ZURICH AMERICAN INSURANCE         §
COMPANY, a New York Corp.,        §
                                  §
          Plaintiff,              §
                                  §
v.                                §
                                  §
ALAN K. MEINEN, an individual,    §   CIVIL ACTION NO. H-08-3005
JANE A MEINEN, an individual,     §
THE MEINEN FAMILY PARTNERSHIP,    §
LTD., a Texas limited             §
partnership, and SHAWN E.         §
GOHEEN, an individual,            §
                                  §
          Defendants.             §
```

**MEMORANDUM OPINION AND ORDER**

This action is brought by plaintiff, Zurich American Insurance Company, against defendants, Alan K. Meinen, Jane A. Meinen, The Meinen Family Partnership, Ltd., and Shawn E. Goheen, for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure adjudicating the rights and obligations of the parties under the insurance policy issued by Zurich to Goheen.  Pending before the court are Defendant Goheen's Motion for Partial Summary Judgment (Docket Entry No. 61), Defendants Alan K. Meinen, Jane A. Meinen, and the Meinen Family Partnership Ltd.'s Motion for Partial Summary Judgment (Docket Entry No. 64), and Plaintiff Zurich American Insurance Company's Motion for Leave to File Third Amended Complaint (Docket Entry No. 79).  For the reasons explained below, the motions for partial

summary judgment will be denied, and the motion to amend will be granted.

## I. Undisputed Facts

At all times relevant to this action Goheen was a registered representative of American General Securities Incorporated (AGSI), which the Meinen parties engaged to provide professional investment advice.[1] The advice that Goheen provided to the Meinen parties included a recommendation to invest in Juliet Homes and its affiliates; a recommendation that the Meinen parties followed. Juliet Homes was later the subject of an involuntary bankruptcy proceeding.[2]

On February 28, 2007, John L. Wortham & Son, L.P., provided Goheen a binder for Policy No. EOC 3754154 06 that identified the insurer as Zurich, the insured as "THE AGENTS OF THE AGENCY BUILDING GROUP AND AMERICAN GENERAL LIFE INSURANCE COMPANY, THE FRANKLIN LIFE INSURANCE COMPANY AND THE REGISTERED REPRESENTATIVES OF AMERICAN GENERAL SECURITIES INCORPORATED," and the binder period as "FROM: 03/01/2007 To: 06/01/2007."[3] The binder identified the

---

[1] Affidavit of Shawn E. Goheen (Goheen's Affidavit), attached to Defendant Goheen's Motion for Partial Summary Judgment (Goheen's Motion), Docket Entry No. 61.

[2] Third Amended Statement of Claim, Exhibit A to Affidavit of Robert Farrell, Exhibit 1 to Table of Contents in Support of Plaintiff Zurich American Insurance Company's Response Brief in Opposition to Defendants' Motions for Partial Summary Judgment (Zurich's Table of Contents), Docket Entry No. 74, ¶¶ 17-26.

[3] Exhibit 2 to Affidavit of David E. Sharp, attached to Goheen's Motion, Docket Entry No. 61, ¶ 4.

"Policy Period" as from March 1, 2007, to March 1, 2008,[4] explained that "[f]orms applicable are subject in all respect to the terms, conditions, exclusions and limitations of the policy(ies) or certificate(s) in current use by the Company, unless otherwise specified,"[5] and that "[t]he binder automatically terminates on the last date indicated in item 4 above [06/01/07] unless extended by endorsement.  Issuance of a policy Automatically replaces this binder."[6]  Policy No. EOC 3754154 06 for the policy period beginning on March 1, 2007, and ending on March 1, 2008 (2007-2008 Policy), was a Life Insurance Agents Errors and Omissions Liability Policy, which succeeded Policy No. EOC 3754154 05, for the period beginning on March 1, 2006, and ending on March 1, 2007 (2006-2007 Policy).[7]

In March of 2007 Wortham provided to Goheen a Memorandum of Insurance (MOI) for Policy No. EOC 3754154-06 that identified the policy period as March 1, 2007, to March 1, 2008, the limits as "$ 2,000,000 Each Claim & Aggregate/Each Agent/Manager/Registered Representative," and explained under "Coverages:"

> You will be covered for Claims arising out of negligent acts in the rendering or failure to render 'Professional Services' for others in the conduct of your profession as

---

[4] Id. ¶ 7.

[5] Id. ¶ 8.

[6] Id. ¶ 10.

[7] Exhibit D to Affidavit of Robert Farrell, attached to Zurich's Table of Contents, Docket Entry No. 74.

-3-

>   a licensed Life, Accident and Health Insurance Agent, Broker, General Agent, Manager, Notary Public, and Registered Representative.

Under "Note" the Memorandum of Insurance stated:

>   You must have a current contract with American General Securities Incorporated as a registered representative and have paid a premium to be insured under this program. . .
>
>   . . .
>
>   You are covered under this policy subject to the terms of the policy. . .
>
>   This document does not represent all the terms, conditions and exclusions of policy number EOC3754154-06. It is intended to assist you in understanding common coverage issues.  Please call Mark Curtis at John L. Wortham & Son, L.P. (713-526-3366) if you require further clarification of coverage.  This Memorandum of Insurance was issued by John L. Wortham & Son, L.P.[8]

In September of 2007 an attorney representing the Meinen parties contacted Goheen, and it became apparent to Goheen that the Meinen parties were planning to sue him for damages. On October 4, 2009, Goheen hired counsel to represent him with respect to the claims that he expected the Meinen parties to assert against him.[9]

On October 9, 2007, Zurich sent to John L. Wortham & Son, a letter referencing Policy No. EOC 3754154-06 and stating, "[e]nclosed is the original and producer copy of the policy."[10]

---

[8] Exhibit 1 to Goheen's Affidavit, attached to Goheen's Motion, Docket Entry No. 61.

[9] Goheen's Affidavit, attached to Goheen's Motion, Docket Entry No. 61, ¶ 3.

[10] Exhibit 4 to Affidavit of David E. Sharp, attached to Goheen's Motion, Docket Entry No. 61, at ZUR 000621.

-4-

On October 29, 2007, Goheen's attorneys addressed a letter to John L. Wortham & Son, L.P., and to Zurich referencing Policy No. EOC 3754154-06 and stating:

> This firm represents Shawn Goheen and hereby reports a potential claim under the above-referenced policy, the Memorandum of Insurance for which is attached. The potential claimant(s) are Alan Meinen and Jane Meinen, AGSI customers of Shawn Goheen.
>
> Please provide all applicable policies governing Mr. Goheen's coverage at your earliest convenience.[11]

On March 28, 2008, Goheen's attorneys addressed a letter to Robert Farrell, Claims Counsel for Zurich, stating:

> We represent Shawn E. Goheen and associated entities in a FINRA [Financial Industry Regulatory Authority, Inc.] Arbitration that has been initiated by Alan K. Meinen and Jane A. Meinen. The claims made by the Meinens in the Arbitration were previously reported to you in our letter of October 29, 2007. Demand is hereby made on behalf of our clients for defense and indemnification. A copy of the Statement of Claim is provided with this letter. . . . Mr. Goheen disputes the allegations and intends to vigorously defend the Arbitration.[12]

The Award issued by the FINRA arbitrators held Goheen liable for disgorgement of $370,000 in commissions, $931,250.00 in compensatory damages, and interest on those sums at the rate of 5% per annum for a period described therein.[13]

---

[11] Exhibit F to Affidavit of Robert Farrell, attached to Zurich's Table of Contents, Docket Entry No. 74.

[12] Exhibit G to Affidavit of Robert Farrell, attached to Zurich's Table of Contents, Docket Entry No. 74.

[13] Award FINRA Dispute Resolution, Exhibit B to Affidavit of Robert Farrell, attached to Zurich's Table of Contents, Docket Entry No. 74, at p. 3 of 5.

## II. Motions for Partial Summary Judgment

Zurich brings this action seeking a judgment declaring that it has no duty to indemnify Goheen for disgorgement of commissions because such damages are not covered by the 2007-2008 Policy, or for compensatory damages because those damages arise from claims for which coverage is expressly excluded by the 2007-2008 policy.[14] Goheen and the Meinen parties (defendants) seek partial summary judgment declaring that Zurich must indemnify Goheen for the sums awarded against him in the arbitration because the governing policy document is the MOI provided to Goheen by Wortham in March of 2007.

### A. Applicable Law

#### 1. Standard of Review

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(c). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

---

[14]Plaintiff Zurich American Insurance Company's Second Amended Complaint, Docket Entry No. 56, pp. 9-12.

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 106 S.Ct. at 2553-2554). If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S.Ct. at 2553-2554). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products Inc., 120 S.Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

    2.    <u>Insurance Contract Construction</u>

The material facts in this case are undisputed, and the parties all cite Texas law in support of their respective arguments. Under Texas law the meaning of an insurance contract is determined by standards applicable to contracts generally. See Mid-Continent Casualty Co. v. Swift Energy Co., 206 F.3d 487, 491

-7-

(5th Cir. 2000) (citing Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 665 (Tex. 1987)). A court's primary concern is to give effect to the intention of the parties as expressed by the written document. Id. (citing National Union Fire Ins. Co. of Pittsburgh, Penn. v. CBI Industries, Inc., 907 S.W.2d 517, 520 (Tex. 1995)). The court must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. Mid-Continent Casualty Co. v. Chevron Pipe Line Co., 205 F.3d 222, 231 (5th Cir. 2000) (citing Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983)). No single provision taken alone shall be given controlling effect; all the provisions must be considered with reference to the whole instrument. Id. The court may also consider evidence of the circumstances surrounding the execution of the agreement. Id. "The court's role in determining whether to grant summary judgment in a case involving the construction of an insurance policy is to determine whether there is ambiguity in the applicable terms of the policy." Amica Mutual Ins. Co. v. Moak, 55 F.3d 1093, 1095 (5th Cir. 1995) (citing Yancy v. Floyd West & Co., 755 S.W.2d 914, 917 (Tex. Ct. App. 1988, writ denied)). "When the terms of an insurance policy are unambiguous, a court may not vary those terms." Id. (citing Royal Indem. Co. v. Marshall, 388 S.W.2d 176, 181 (Tex. 1965)).

 A contract viewed in its entirety is ambiguous only if it is reasonably susceptible to more than one meaning. Mid-Continent

Casualty, 205 F.3d at 233 (citing Coker, 650 S.W.2d at 393). Conflicting interpretations and expectations are not necessarily sufficient to create an ambiguity. Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 134 (Tex. 1994). If a contract is deemed ambiguous by the court, interpretation of the instrument becomes a fact issue. Coker, 650 S.W.2d at 394.

**B.  Application of the Law to the Undisputed Facts**

Citing Horn v. Transcon Lines, Inc., 7 F.3d 1305 (7th Cir. 1993), Goheen argues that "[t]he undisputed facts entitle [him] to judgment as a matter of law because the governing policy document is the certificate of insurance labeled 'Memorandum of Insurance' which covers all aspects of the award rendered against [him] and in favor of the Meinens."[15]  Horn involved an insurance coverage dispute where a certificate of insurance had been provided, but no master policy had been issued when the accident in question occurred.  Holding that the policy of insurance was the certificate of insurance alone, the Seventh Circuit explained that

> [s]omeone wanting to consult Liberty Mutual's Master Policy in October 1985 would not have had much success, for, although the insurance had been bound, the policy had not been issued.  There was no formal 'policy' until the spring of 1986.  As of the date of the accident, the certificate *was* the policy, rather than just evidence of coverage under some more elaborate document.

---

[15]Goheen's Motion, Docket Entry No. 61, at p. 6.  The motion for partial summary judgment filed by the Meinen parties simply adopts the arguments and authorities cited by Goheen in his motion.  See Docket Entry No. 64, at p. 1.

Id. at 1308.  Goheen argues that the same is true in this case because "[w]hen the Meinens began asserting claims, and when those claims led Goheen to hire legal counsel, no one could consult the non-existent 'master policy' now belatedly asserted by Zurich. Instead, the policy was the [MOI]."[16]  Goheen acknowledges that he

> expects Zurich will cite cases saying that the Master Policy governs over a certificate of insurance when the certificate so states.  That might be the law when both documents exist at the relevant time.  It is not the law when the so-called Master Policy does not yet exist, which is the case here.[17]

Zurich responds that "Goheen's contention that the [MOI] constitutes the complete insurance contract is not supported by Texas law or the undisputed facts."[18]  The court agrees.

Well-established Texas law provides that when a certificate of insurance contains language stating that the certificate does not amend, extend, or alter the terms of any insurance policy mentioned in the certificate, the terms of the certificate are subordinate to the terms of the insurance policy.  The certificate of insurance will not suffice to create insurance coverage if such coverage is precluded by the terms of the policy.  See Wann v. Metropolitan Life Ins. Co., 41 S.W.2d 50, 52 (Tex. Com. App. 1931, holding approved) (noting that certificate of insurance based upon the

---

[16]Id. at 7.

[17]Id. at 7 n.8.

[18]Zurich's Amended Response in Opposition, Docket Entry No. 78, p. 5.

issuance of a group policy does "not constitute the complete contract of insurance" and must be construed in connection with the underlying policy). In <u>Wann</u> the insurer issued a master group policy to the employer and also an individual certificate to the employee reciting that it was subject to the terms and conditions expressed in the master policy. The Commission of Appeals held that

> [u]nder such contract the certificate issued to the plaintiff . . . did not constitute the complete contract of insurance. It merely evidenced his right to participate in the insurance provided by his employer under the terms and conditions imposed in the group policy when construed in connection with the certificate.

<u>Id.</u>

The MOI on which Goheen and the Meinen parties rely in support of their motions for partial summary judgment clearly states:

> You are covered under this policy subject to the terms of the policy. . .
>
> This document does not represent all the terms, conditions and exclusions of policy number EOC3754154-06. It is intended to assist you in understanding common coverage issues. Please call Mark Curtis at John L. Wortham & Son, L.P. . . if you require further clarification of coverage. This Memorandum of Insurance was issued by John L. Wortham & Son, L.P.[19]

In light of language in the MOI expressly stating that it does not represent the complete contract of insurance, defendants' contention that the MOI does represent Goheen's complete contract for insurance is not reasonable. Defendants' contention that the

---

[19]Exhibit 1 to Goheen's Affidavit, attached to Goheen's Motion, Docket Entry No. 61.

MOI constitutes Goheen's complete contract of insurance conflicts with well established Texas law as expressed in Wann, 41 S.W.2d 50, that a certificate of insurance such as the MOI cannot create insurance coverage when the underlying policy does not provide for coverage.

Defendants' argument that Wortham's representations of coverage in the MOI represent Goheen's complete contract for insurance because Zurich did not send Wortham a copy of the complete contract until October 9, 2005, after Goheen had hired counsel to represent him regarding claims that Goheen expected the Meinen parties to assert against him does not alter this result. It is undisputed that Goheen did not contact Wortham or Zurich regarding the claims that he expected the Meinen parties to assert against him or request applicable policies until October 29, 2007, after the date on which Zurich had sent the producer's copy of the governing policy to Wortham.  It is also undisputed that the policy at issue, Policy No. EOC 3754154-06 for the term March 1, 2007, to March 1, 2008, was preceded by Policy No. EOC 3754154-05 for the term March 1, 2006, to March 1, 2007, and that the binder provided to Goheen by Wortham on February 28, 2007, stated that "[f]orms applicable are subject in all respects to the terms, conditions, exclusions and limitations of the policy(ies) or certificate(s) in current use by the Company, unless otherwise specified."[20] Therefore, unlike the situation in Horn, 7 F.3d 1308, on which the

---

[20]Exhibit 2 to Affidavit of David E. Sharp, attached to Goheen's Motion, Docket Entry No. 61, at ZUR 000778.

defendants rely, there was never a time between March 1, 2007, and October 9, 2007, when someone wanting to consult the group policy pursuant to which Goheen was insured would not have been able to do so because although insurance had been bound, no policy had been issued.

**C.   Conclusions**

For the reasons explained above, the court concludes that Goheen and the Meinen parties have failed to establish that they are entitled to partial summary judgment that Zurich must indemnify Goheen for the sums awarded against him in the FINRA arbitration because the governing policy document is the MOI provided to Goheen by Wortham in March of 2007.

### III.   Plaintiff's Motion to File Third Amended Complaint

Asserting that on October 20, 2009, Goheen filed a reply brief in support of his motion for partial summary judgment that included as an attachment a Fourth Amended Statement of Claim filed by the Meinen parties in the underlying arbitration proceeding, and that this was the first notice provided to Zurich that a Fourth Amended Statement of claim had been filed in the arbitration proceeding, Zurich seeks leave to file a third amended complaint.[21]  Zurich

---

[21]Plaintiff Zurich American Insurance Company's Motion for Leave to File Third Amended Complaint, Docket Entry No. 79, pp. 2-3 ¶ 3.  See also Affidavit of Tory Bishop, Exhibit 1 to Plaintiff Zurich American Insurance Company's Amended Response Brief in Opposition to Defendants' Motions for Partial Summary Judgment, Docket Entry No. 82.

argues that the court should allow the filing of a third amended complaint because

> it corrects the pleadings in the underlying case and thus clarifies the claims that were pending before the arbitrators that served as a possible basis for their award. The other changes add a basis for denial of coverage based upon the language of the policy in question and is based, in part, upon the changes in the claims made by the Meinens in the Fourth Amended Statement of Claims and in part upon the testimony presented before the Arbitration Panel which has only recently been secured by the Plaintiff, which was not a party to the arbitration.
>
> Defendants will not be prejudiced by Zurich's amended pleading because they were parties to the underlying arbitration case and were fully aware of both the Fourth Amended Statement of Claim as well as the evidence presented before that body. Additionally, the proposed amendment will not prejudice Defendants since the addition of the definition of 'professional services' is based upon the language in the policy itself. . . . Finally, the correction of the identity of the entity which issued the Memorandum of Insurance does not prejudice Defendants since it is designed to conform to the true facts.[22]

Goheen and the Meinen parties oppose Zurich's motion to amend.

The record before the court demonstrates that the deadline for motions seeking leave to file amended pleadings was October 2, 2009,[23] and that Zurich filed the pending motion for leave to amend on October 30, 2009. Because Zurich filed the pending motion for leave to amend after the October 2, 2009, deadline, Fed. R. Civ. P. 16(b) applies and requires a showing of good cause. See

---

[22]Plaintiff Zurich American Insurance Company's Motion for Leave to File Third Amended Complaint, Docket Entry No. 79, pp. 3-4 ¶¶ 5-6.

[23]Scheduling Order, Docket Entry No. 67.

-14-

<u>Southwestern Bell Telephone Co. v. City of El Paso</u>, 346 F.3d 541, 546-47 (5th Cir. 2003).  In <u>Southwestern Bell</u> the Fifth Circuit affirmed the district court's denial of defendants' motion for leave to amend to include additional counterclaims.  <u>Id.</u>  The district court denied leave to amend because the deadline provided in the scheduling order had passed, the case was set for an upcoming trial, the defendants had already amended their answer twice, and raising the new counterclaims at a late date would prejudice the other party.  <u>Id.</u>  The Fifth Circuit explained that

> in determining good cause [under Rule 16], we consider four factors:  (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.

<u>Id.</u> at 546.  The Fifth Circuit affirmed the district court's denial because the defendants did not offer a satisfactory explanation for the delay in seeking leave to amend, there would be significant prejudice to the other party in allowing untimely additional counterclaims, and the proposed counterclaims were likely to fail.  The facts of the present case are distinguishable.

Zurich has provided a plausible explanation for its delay in seeking leave to amend, <u>i.e.</u>, the brief Goheen filed on October 20, 2009, was the first notice provided to Zurich that a Fourth Amended Statement of Claim had been filed by the Meinen parties in the underlying arbitration.  Although defendants argue that Zurich was on notice that the Third Amended Statement of Claim was not the

-15-

effective statement of claim when the underlying arbitration was decided, defendants do not dispute that Zurich was not provided a copy of the Fourth Amended Statement of Claim before October 22, 2009.

Zurich argues that the filing of its Third Amended Complaint is important for three reasons:

> (1) to conform to the evidence by referencing the Fourth Amended Statement of Claim [filed by the Meinen parties in the FINRA arbitration proceeding], (2) to add a claim for declaratory relief based on the definition of 'professional services' in light of testimony from the Arbitration that has only recently been obtained by Zurich, and (3) to correct an inadvertent error as to the identity of the entity that issued the Memorandum of Insurance to Goheen.[24]

Defendants do not dispute the importance of conforming the live complaint in this action to the statement of claim on which the arbitrators based the award for which Goheen seeks indemnification; nor do they dispute the importance of correcting an inadvertent error as to the identity of the entity that issued the insurance to Goheen. Moreover, defendants fail to argue much less demonstrate that they will be prejudiced by the proposed amendment; and since the discovery cut-off is still five months away on April 30, 2010, granting Zurich's motion for leave to amend should not require a continuance. Defendants base their opposition to Zurich's motion for leave to amend on assertions that the claim Zurich seeks to add

---

[24]Reply Brief in Support of Plaintiff Zurich American Insurance Company's Motion for Leave to File Third Amended Complaint, Docket Entry No. 86, p. 4.

for declaratory judgment based on the definition of "professional services" in the policy will be futile.

Defendants argue that the claim Zurich seeks to add for declaratory judgment based on the definition of "professional services" in the policy will be futile because Zurich has waived this claim by asserting it in the Original Complaint and the First Amended Complaint, but omitting it from the Second Amended Complaint. The only Fifth Circuit authority that the defendants cite in support of this argument is Wilson v. First Houston Investment Corp., 566 F.2d 1235, 1237-38 (5th Cir. 1978), vacated on other grounds by 100 S.Ct. 442 (1979), which defendants cite for the unremarkable general rule that "an amended complaint supersedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading." Defendants fail to cite and the court is unaware of any authority that supports the defendants' argument that a claim can be permanently waived under the circumstances present in this case, i.e., that the plaintiff asserted the claim in its initial pleadings, failed to assert it in a subsequent pleading, and would not be allowed to reassert it in an amended pleading for which leave of court was granted to file.

Accordingly, for the reasons explained above, the court concludes that Zurich has established good cause for requesting leave to amend after the deadline established in the scheduling

order, and that the pending motion for leave to amend should be granted. See Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely given when justice so requires").

### IV. Conclusions and Order

For the reasons explained above, Goheen's Motion for Partial Summary Judgment (Docket Entry No. 61) is **DENIED**. Defendants Alan K. Meinen, Jane A. Meinen, and the Meinen Family Partnership Ltd.'s Motion for Partial Summary Judgment (Docket Entry No. 64) is **DENIED**. Plaintiff Zurich American Insurance Company's Motion for Leave to File Third Amended Complaint (Docket Entry No. 79) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 1st day of December, 2009.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE